Michael Faillace [MF-8436]
Michael Faillace Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
MAURILIO TOJ SABANA, YONQUER BARRIOS,
and JOSEFA YAGUI, *individually and on behalf of*
*others similarly situated,*

|                              |                                      |
|------------------------------|--------------------------------------|
|                *Plaintiffs,* | **COMPLAINT**                        |
|                              |                                      |
|              -against-       | **COLLECTIVE ACTION**                |
|                              | **UNDER 29 U.S.C. § 216(b)**         |
|                              |                                      |
|                              | **ECF Case**                         |

REPUBLIC BAR AND LOUNGE INC. (d/b/a
REPUBLIC LATIN FUSION), SYED HOSSIN and
CHRISTIAN ALMONT

                     *Defendants.*
---------------------------------------------------------------X

       Plaintiffs Maurilio Toj Sabana, Yonquer Barrios, and Josefa Yagui, individually and on

behalf of others similarly situated ("Plaintiffs"), by and through their attorneys, Michael Faillace

Esq., allege upon information and belief, and as against each of Defendants Republic Bar and

Lounge Inc. (d/b/a/ "Republic Latin Fusion") ("Defendant Corporation") Syed Hossin and

Christian Almont ("Individual Defendants"), (collectively, "Defendants"), as follows:

## NATURE OF ACTION

1.      Plaintiffs are present employees of Defendants Republic Bar and Lounge Inc. (d/b/a/ Republic Latin Fusion), Syed Hossin and Christian Almont.

2.      Republic Bar and Lounge is a upscale Latin fusion bar and restaurant owned by Syed Hossin and Christian Almont, located at 181 N. 10th Street, Brooklyn, NY 11211.

3.      Upon information and belief, Defendants Syed Hossin and Christian Almont serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the Upscale Latin fusion bar and restaurant as a joint or unified enterprise.

4.      Plaintiffs are present employees of Defendants.

5.      Plaintiffs have worked long days in an Upscale Latin fusion bar and restaurant located at 181 N. 10th Street, Brooklyn, NY 11211.

6.       Plaintiffs have been employed as cooks, food preparers and porter.

7.      Plaintiffs regularly have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that they have worked.

8.      Rather, Defendants have failed to maintain accurate recordkeeping of their hours worked and have failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay, or for any additional overtime premium.

9.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

10.     Furthermore, Defendants have repeatedly failed to pay Plaintiffs wages on a timely basis.

11.     Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

12.     At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

13.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor (the "spread of hours order" and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), including applicable liquidated damages, interest, attorneys' fees and costs.

14.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3

15.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

16.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs have been employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

17.     Plaintiff Maurilio Toj Sabana ("Plaintiff Toj sabana" or "Mr. Toj sabana") is an adult individual residing in Kings County, New York. Plaintiff Toj Sabana has been employed by Defendants from approximately April 2023 until the present date.

18.     Plaintiff Yonquer Barrios ("Plaintiff Barrios" or "Mr. Barrios") is an adult individual residing in Bronx County, New York. Plaintiff Barrios has been employed by Defendants from approximately December 2022 until the present date.

19.     Plaintiff Josefa Yagui ("Plaintiff Yagui" or "Ms. Yagui") is an adult individual residing in Kings County, New York. Plaintiff Yagui has been employed by Defendants from approximately May 2023 until the present date.

20.     Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

21.     Defendants own, operate and/or control an Upscale Latin fusion bar and restaurant at 181 N. 10th Street, Brooklyn, NY 11211 under the name "Republic Latin Fusion".

22.     Upon information and belief, Defendant Republic Bar and Lounge Inc. (d/b/a "Republic Latin Fusion" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 181 N. 10th Street, Brooklyn, New York 11211.

23.     Defendant Syed Hossin is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Syed Hossin is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

24.     Defendant Syed Hossin possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

25.     Defendant Syed Hossin determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Christian Almont is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Christian Almont is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

27.     Defendant Christian Almont possesses or possessed operational control over Defendant Corporation,  an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

28.     Defendant Christian Almont determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

29.     Defendants operate an Upscale Latin fusion bar and restaurant located in the Williamsburg section of Brooklyn in New York City.

30.     Individual Defendants Syed Hossin and Christian Almont possess operational control over defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possesses substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.     Defendants have jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.     Upon information and belief, individual Defendants Syed Hossin and Christian Almont operate Defendant corporation as either an alter ego of themselves, and/or fail to operate Defendant corporation as a legal entity separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant corporation for their own benefit as the sole or majority shareholders;

(e)     operating Defendant corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of their own with Defendant corporation;

(g)     diminishing and/or transferring assets of Defendant corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and NYLL.

37.     Defendants have had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

7

38.    In each year from 2022 to the present, Defendants, both individually and jointly, have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.    In addition, upon information and belief, Defendants and/or their enterprises have been directly engaged in interstate commerce. For example, numerous items that are used in the Upscale Latin fusion bar and restaurant on a daily basis are produced outside of the State of New York.

*Individual Plaintiffs*

40.    Plaintiffs are present employees of Defendants, primarily employed as cooks, food preparers and porter.

41.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Maurilio Toj Sabana*

36.    Plaintiff Toj Sabana has been employed by Defendants from approximately April 2023 until the present date .

37.    At all relevant times, Plaintiff Toj Sabana has been employed by Defendants as a food preparer and porter.

38.    Plaintiff Toj Sabana regularly has handled goods in interstate commerce, such as vegetables and mopping liquids necessary to perform his work that were produced outside of the State of New York.

39.     Plaintiff Toj Sabana's work duties have required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Toj Sabana regularly has worked in excess of 40 hours per week.

41.     From approximately April 2023 until on or about September 2023, Plaintiff Toj Sabana  regularly worked from approximately 11:00 a.m. until on or about 11:00 p.m. five days a week (typically 55 hours per week

42.     From approximately September 2023 until on or about March 2024, Plaintiff Toj Sabana regularly worked from approximately 11:00 a.m. until on or about 11:00 p.m. seven days a week (typically 77 hours per week).).

43.     From approximately April 2024 until on or about January 2025, Plaintiff Toj Sabana regularly worked from approximately 4:00 p.m. until on or about 11:00 p.m. five days a week and from approximately 3:00 a.m. until on or about 8:00 a.m. three days a week (typically 50 hours per week).).

44.     From approximately January 2025 until the present date, Plaintiff Toj sabana has worked from approximately 5:00 p.m. until on or about 11:00 p.m. four days a week and from approximately 3:00 a.m. until on or about 8:00 a.m. three days a week (typically 39 hours per week).

45.     From approximately April 2023 until on or about March 2024, Plaintiff Toj Sabana was paid his wages in a combination of check and cash.

46.     From approximately March 2024 until the present date, Plaintiff Toj Sabana has been paid his wages by direct deposit.

9

47.     From approximately April 2023 until on or about July 2024, Plaintiff Toj Sabana was paid a fixed salary of $650 per week.

48.     From approximately July 2024 until the present date, Plaintiff Toj Sabana has been paid $16.00 per hour for his work as a food preparer and a fixed salary of $500 per week for his work as a porter.

49.     Plaintiff Toj Sabana's pay has not varied even when he has been required to stay late or work a longer day than his usual schedule.

50.     In fact, Defendants have required Plaintiff Toj Sabana to work an additional one to two hours past his scheduled departure time one day a week and have not paid him for the extra time he has worked.

51.     Although Defendants have provided employees with a 45-minute meal break, Plaintiff Toj sabana has never been allowed to take that break.

52.     In addition, from approximately June 2024 until the present date, Defendants have been deducting 45 minutes from Plaintiff Toj Sabana's pay for meal breaks he has never been allowed to take.

53.     From approximately April 2023 until on or about June 2024, Plaintiff Toj sabana was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

54.     Although from approximately June 2024 until the present date, Defendants have required Plaintiff Toj Sabana to keep track of his hours worked, he has not been required to do so for his hours worked as a porter.

55.     From approximately April 2023 until on or about March 2024, Defendants required Plaintiff Toj Sabana to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

56.     Defendants have paid Plaintiff Sabana his wages every four weeks and, in many occasions, defendants have required Plaintiff Toj Sabana to wait an additional month to receive his pay.

57.     For approximately three weeks in 2025, Defendants did not pay Plaintiff Toj Sabana the wages he was owed for his work; to this date, Defendants still have not paid these wages to Plaintiff Toj Sabana.

58.     Specifically, at present, Defendants owe Plaintiff Toj Sabana a full paycheck for his work as a food preparer ($450), and two half paychecks for$250 each.

59.     Defendants have not provided Plaintiff Toj Sabana with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

60.     Defendants have not provided Plaintiff Toj Sabana with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

61.     Defendants never have provided Plaintiff Toj Sabana with a written notice, in English and in Spanish (Plaintiff Toj Sabana's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).


*Plaintiff Yonquer Barrios*

62.    Plaintiff Barrios has been employed by Defendants from approximately December 2022 until the present date.

63.    At all relevant times, Plaintiff Barrios has been employed by Defendants as a cook.

64.    Plaintiff Barrios regularly has handled goods in interstate commerce, such as vegetables and condiments necessary to perform his work that were produced outside of the State of New York.

65.    Plaintiff Barrios's work duties have required neither discretion nor independent judgment.

66.    Throughout his employment with Defendants, Plaintiff Barrios regularly has worked in excess of 40 hours per week.

67.    From approximately December 2022 until on or about August 2023, Plaintiff Barrios worked from approximately 11:00 a.m. until on or about 11:00 p.m. five days a week (typically 55 hours per week

68.    From approximately September 2023 until on or about February 2024, Plaintiff Barrios regularly worked from approximately 8:00 a.m. until on or about 4:00 p.m. five days a week (typically 40 hours per week).).

69.    From approximately March 2024 until on or about December 2024, Plaintiff Barrios worked from approximately 5:00 p.m. until on or about 11:00 p.m. five days a week (typically 30 hours per week).

70.    From approximately January 2025 until the present date , Plaintiff Barrios has worked from approximately 5:00 p.m. until on or about 11:00 p.m. four days a week  (typically 24 hours per week).

71.    From approximately December 2022 until on or about August 2023, Plaintiff Barrios was paid his wages in a combination of check and cash.

72.    From approximately September 2023 until the present date, Plaintiff Barrios has been paid his wages in cash.

73.     From approximately December 2022 until on or about August 2023, Defendants paid Plaintiff Barrios a fixed salary of $900 per week.

74.    From approximately September 2023 until on or about June 2024, Defendants paid Plaintiff Barrios a fixed salary of $700 per week.

75.    From approximately July 2024 until the present date, Defendants have paid Plaintiff Barrios $17.00 per hour.

76.    Plaintiff Barrios's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

77.    In fact, Defendants required Plaintiff Barrios to work an additional two hours past his scheduled departure time three days a week and did not pay him for the extra time he worked.

78.    Although Defendants have provided employees with a 45 minute meal break, Plaintiff Barrios has never been allowed to take that break.

79.    In addition, from approximately June 2024 until the present date, Defendants have been deducting 45 minutes from Plaintiff Barrios's pay for meal breaks he has never been allowed to take.

80.    From approximately December 2022 until on or about June 2024, Plaintiff Barrios was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

13

81.     From approximately December 2022 until on or about August 2023, Defendants required Plaintiff Barrios to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

82.     Defendants paid Plaintiff Barrios his wages every four weeks and, in many occasions, defendants required Plaintiff Barrios to wait an additional month to receive his pay.

83.     For approximately three weeks in 2025, Defendants did not pay Plaintiff Barrios the wages he was owed for his work.

84.      Specifically, at present, Defendants still owe Plaintiff Barrios a full paycheck of $419 and two partial paychecks for $300 each.

85.     Defendants have not provided Plaintiff Barrios with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

86.      Defendants have not provided Plaintiff Barrios with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

87.     Defendants never have provided Plaintiff Barrios with a written notice, in English and in Spanish (Plaintiff Barrios's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Josefa Yagui*

88.      Plaintiff Yagui has been employed by Defendants from approximately May 2023 until the present date.

89.     At all relevant times, Plaintiff Yagui has been employed by Defendants as a cook and food preparer.

90.     Plaintiff Yagui regularly handles goods in interstate commerce, such as condiments and vegetables necessary to perform her work that were produced outside of the State of New York.

91.      Plaintiff Yagui work duties require neither discretion nor independent judgment.

92.     Throughout her employment with Defendants, Plaintiff Yagui has regularly worked in excess of 40 hours per week.

93.     From approximately May 2023 until on or about March 2024, Plaintiff Yagui worked from approximately 9:00 a.m. until on or about 5:00 p.m. Mondays and Tuesdays, from approximately 11:00 a.m. until on or about 10:30 p.m. Fridays and Saturdays, and from approximately 10:00 a.m. until on or about 11:00 p.m. on Sundays (typically 52 hours per week).

94. From approximately March 2024 until on or about June 2024, Plaintiff Yagui worked from approximately 10:00 a.m. until on or about 4:30 p.m. two days a week, from approximately 10:30 a.m. until on or about 11:00 p.m. on Fridays and Saturdays, and from approximately 10:00 a.m. until on or about 5:00 p.m. on Sundays (typically 45 hours per week).

95.     From approximately June 2024 until on or about January 2025, Plaintiff Yagui worked from approximately 11:00 a.m. until on or about 11:00 p.m.  six days a week (typically 66 hours per week).

96.     From approximately January 2025 until the present date, Plaintiff Yagui has worked from approximately 9:00 a.m. until on or about 5:00 p.m. Mondays, Wednesdays and Fridays, and from approximately 10:00 a.m. until or about 7:00 p.m. on Saturdays (typically 33 hours per week).

97.      From approximately May 2023 until on or about February 2024, Plaintiff Yagui was paid her wages in cash.

98.     From approximately March 2024 until the present date, Plaintiff Yagui has been paid her wages by direct deposit.

99.     From approximately May 2023 until on or about June  2024, Defendants paid Plaintiff Yagui a fixed salary of $750 per week.

100.    For a period of two weeks in June 2023, Defendants paid Plaintiff Yagui  a fixed salary of $500 per week.

101.      From approximately July 2024 until on or about January 2025, Defendants paid Plaintiff Yagui $1000 per week.

102.      For a period of two weeks in January 2025, Defendants paid Plaintiff Yagui a fixed salary of $780 per week.

103.    From approximately February 2025 until the present date, Defendants have paid Plaintiff Yagui $20.00 per hour.

104.    Plaintiff Yagui's pay has not varied even when she has been required to stay late or work a longer day than her usual schedule.

105.    In fact, from approximately May 2023 until on or about March 2024, Defendants required Plaintiff Yagui to work an additional two to three hours past her

scheduled departure time five days a week and did not pay her for the extra time she worked.

106.        Similarly, from approximately March 2024 until on or about January 2025, Defendants required Plaintiff Yagui to work an exta 10 to 12 hours a week and did not pay her for the extra hours she worked.

107.        Defendants never have provided Plaintiff Yagui with any kind of meal or break period of any kind.

108.        From approximately May 2023 until on or about July 2024, Plaintiff Yagui was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

109.        From approximately May 2023 until on or about July 2024, Defendants required Plaintiff Yagui to sign a document, the contents of which she was not allowed to review in detail, in order to release her weekly pay.

110.        From approximately November 2023 until the present date, Defendants have paid Plaintiff Yagui her wages four to six weeks late.

111.        At present, Defendants have not paid Plaintiff Yagui half a week of pay.

112.        Defendants have withheld funds from Plaintiff Yagui's wages claiming such withholdings are for tax purposes; however, Defendants have never provided Plaintiff Yagui with any document outlining the tax withholdings they are taking from her wages.

113.    Defendants have not provided Plaintiff Yagui with any document or other statement accounting for her actual hours worked, or setting forth the rate of pay for all of her hours worked.

114.    Defendants never have provided Plaintiff Yagui with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

115.    Defendants never have provided Plaintiff Yagui with a written notice, in English and in Spanish (Plaintiff Yagui's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

116.    Defendants have required Plaintiff Yagui to purchase "tools of the trade" with her own funds—including panty hose to cover her head while cooking and all sorts of foods or condiments to be able to perform her job as a cook.

*Defendants' General Employment Practices*

117.    Defendants regularly have required Plaintiffs to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime compensation or spread of hours pay.

118.    At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime or spread of hours compensation, as required by federal and state laws.

119.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and have resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

120.    Defendants habitually have required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

121.    Defendants have willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

122.    Instead, defendants have required plaintiffs to sign documents, the contents of which they have not been allowed to review, in order to get paid.

123.    In addition, defendants have paid Plaintiffs their wages in cash or in a combination of check and cash.

124.    By employing these practices, Defendants have avoided paying Plaintiffs at the minimum wage and overtime rate of time and a half for most or all of their hours worked per week.

125.    Defendants have failed to post required wage and hour posters in the Upscale Latin fusion  bar and restaurant  , and have not provided Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

126.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) have worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

127.    Defendants' unlawful conduct is intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated workers.

128.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

129.    Defendants have not provided Plaintiffs, and similarly situated employees, with the wage statements and annual pay notices required by NYLL §§195(1) and 195(3).

130.    Defendants have failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

131.    Defendants have failed to provide Plaintiffs and other employees, at the time *of* hiring and on or before February 1 of each subsequent year,  a statement in English and the employees'  primary language, containing:  the rate or rates of pay and basis thereof, whether  paid  by  the  hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the  regular  pay  day designated  by  the  employer;  the  name  of  the employer;  any  "doing business  as"  names  used  by the employer; the physical address of the employer's main office or principal place of  business,  and  a  mailing address  if different;  and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

132.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in their case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

133.    At all relevant times, Plaintiffs and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of

forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiffs' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

134.    The claims of Plaintiffs stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)**

135.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

136.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

137.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

138.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

139.    Defendants have failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

140.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate has been willful within the meaning of 29 U.S.C. § 255(a).

141.    Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

142.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

143.    Defendants, in violation of the FLSA, have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

144.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

145.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

146.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

147.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants have had the power to hire

and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates

and methods of any compensation in exchange for their employment.

148.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the

New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

149.    Defendants' failure to pay Plaintiffs the minimum wage is willful and without a

good faith basis within the meaning of N.Y. Lab. Law § 663.

150.    Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## (VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAWS)

151.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth

herein.

152.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting

regulations of the New York State Department of Labor, have failed to pay all Plaintiffs overtime

compensation at rates of one and one-half times the regular rate of pay for each hour worked in

excess of forty hours in a work week.

153.    Defendants have failed to pay Plaintiffs (and the FLSA Class members) in a

timely fashion, as required by Article 6 of the New York Labor Law.

154.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime

compensation has been willful and without a good faith basis within the meaning of N.Y. Lab.

Law § 663.

155.    Plaintiffs (and the FLSA Class Members) have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR)

156.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

157.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 142-2.4(a).

158.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) an additional hour's pay for each day Plaintiffs' (and the FLSA Class members) spread of hours exceeded ten hours is willful and without a good faith basis within the meaning of New York Lab. Law § 663.

159.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## (VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW)

160.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

161.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

162.    Defendants are liable to each Plaintiff in the amount of $5,000 , together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

163.    Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

164.    Defendants have not provided Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

165.    Defendants are liable to each Plaintiff in the amount of $5,000 , together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### RECOVERY OF EQUIPMENT COSTS

166.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

167.    Defendants have required Plaintiff Yagui to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her jobs, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

168.    Plaintiff Yagui has been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
### VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NEW YORK LABOR LAW

169.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

170.    Defendants have not paid Plaintiffs on a regular weekly basis, in violation of NYLL §191.

171.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA have been

willful as to Plaintiffs (including the prospective collective class members);

(f)    Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)    Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)    Declaring that Defendants have violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)    Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order are willful as to Plaintiffs;

(n)    Awarding Plaintiffs damages for the amount of unpaid minimum and overtime

wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(o)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice, timeliness  and recordkeeping provisions, pursuant to NYLL §§191, 198(1-b), 198(1-d);

(p)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorney's fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 13, 2025

MICHAEL FAILLACE Esq.
         /s/ Michael Faillace.
By:    Michael A. Faillace [MF-8436]
          60 East 42nd Street, Suite 4510
          New York, New York 10165

(212) 317-1200
*Attorneys for Plaintiffs*